## MILLWAY KNITTING MILLS, Inc. v. SANSON HOSIERY MILLS, Inc. et al.

### Civ. A. No. 13972.

United States District Court
E. D. Pennsylvania.
Sept. 22, 1952.

**6**

Louis Necho, Philadelphia, Pa., for plaintiff.

Paul & Paul, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

In this action the plaintiff asks for a declaratory judgment, limited to a finding that the stocking which it manufactures does not infringe the Bley patent, owned by the defendant. The defendant has moved to dismiss on the ground that there is no actual or justiciable controversy.

Although there have been no threats of suit against the plaintiff or its customers and no direct communication between the parties, it is perfectly clear—in fact, it was so stated by the defendant's counsel at the argument of this motion—that the defendant considers that the stocking made and sold by the plaintiff infringes the defendant's patent, and it is the fact that the defendant has consistently maintained that position, publicly, in court and out of court.

The defendant argues that the plaintiff has not alleged or shown any facts from which may be inferred some likelihood that the defendant will threaten suit or charge the plaintiff with infringement. I think that the contrary is true. In fact, it almost looks as though the defendant were, by a series of oblique approaches, putting itself in readiness to move against the plaintiff.

(1) During the pendency of an action brought by this plaintiff against an infringer of its (the plaintiff's) patent, in which the accused stocking was identical with that which is the subject of this application for a declaratory judgment, this defendant licensed the infringer in the suit in question, under the Bley patent, to make a stocking designated as "Style B" which was the same as the stocking which was the subject of the infringement suit and of this action. The license provided among other things that no mills, with the exception of three specified in the license, would be authorized or licensed to sell the stockings covered.

(2) In an infringement suit brought by it and now in progress in the District Court in North Carolina, this defendant, ostensibly for the purpose of proving commercial success by showing widespread copying, introduced into evidence a photograph of a stocking identical with the plaintiff's stocking along with a large number of others and made the unqualified statement to the Court that the defendant claimed that "all the pictures in that album (an album containing the aforesaid photograph) infringed the Bley patent".

(3) In a recent case tried before Judge Forman in which this defendant was suing another alleged infringer, this defendant obtained an affirmance (with some alteration by the Court) of its request to the effect that the stocking as to which this plaintiff had obtained a consent judgment of infringement of its patent, embodied "the dominant motif of the Bley design".

It will be noted that the defendant, by procedures which allowed the plaintiff no opportunity to present any evidence to the courts or any arguments to defend itself against the charge of infringement, has obtained an expression of opinion from one Court to the effect that there is at least a strong similarity between the design of the Bley patent and the design of the plaintiff's stocking and is presenting the same contention to another Court.

It seems to me that the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, was intended to meet exactly this sort of thing. The Court of Appeals for the Third Circuit in Dewey & Almy Chemical Company v. American Anode, Inc., 137 F.2d 68, held that the Act should have a liberal interpre-

tation, and that, in a patent case, it is not necessary to show any direct threats of suit or charges of infringement against the plaintiff. In the present case, short of showing actual threats and charges, the plaintiff has made out about as clear a case for relief as could be imagined.

The motion to dismiss is denied.